| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | |
| versus § | CRIMINAL CASE H-91-59(7) |
| § | |
| MAURICIO RUEBEN, § | |
| (Ancillary Civil Action H-05-3670) § | |
| § | |
| Defendant. § | |

# Opinion on Petition
# for
# Writ of Habeas Corpus

1. *Introduction.*

In 1993, Marcio Rueben pleaded guilty after prolonged pretrial development of his case. His case included twenty-six defendants all of whom were convicted of wholesale trafficking in marijuana from Houston to Atlanta, Chicago, and other cities to the north and east. Several of the defendants with Rueben were members of his family.

Rueben appealed, applied for a writ of certiorari, asked four years ago permission to petition for a writ of habeas corpus outside of the time allowed, and appealed the denial of that petition. He lost all of his attempts for post-conviction relief.

He has now petitioned for a writ of habeas corpus 11-5/6ths years after his conviction. His petition will be denied.

2. *Grounds.*

Rueben asserts five grounds for intervention at this very late day. They are:

A. The court was out of its jurisdiction.
B. He was assisted by an ineffective lawyer.
C. His lawyer had a conflict of interest.
D. His sentence was unconstitutionally enhanced.
E. He should have been allowed an adjustment to his guideline calculation for his remorse.

These grounds boil down to assertions that his sentence was beyond the statutory limits of the crime of conviction, his guidelines were miscalculated, the government breached its agreement to move for a downward departure, and his lawyer had worked for the Department of Justice immediately before representing him.

3. *Timing & Preclusion.*

Rueben was late with his petition in 2001, and he is late now. Like every other inmate with a sentence longer than six months, he imagines that the recent decisions by the Supreme Court about sentencing compel his release. They do not.

Absent impediment, newly discovered facts, or subsequent retroactive law, a prisoner has one year after his conviction becomes final to move to vacate. *See* Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2255 (enacted April 24, 1996). When a conviction became final before April 24,1996, the prisoner had until April 23, 1997, to apply for a writ of habeas corpus. *See U.S. v. Flores*, 135 F.3d 1000 (5th Cir. 1998) (interpreting § 2255).

Everything he raises now, he could have – and should have – raised in his direct appeal. He knew all of the facts that support his claims. The law has remained the same, at least the law that affects him.

4. *Habeas Corpus.*

The writ of habeas corpus is not a second – or third – appeal. Rather than being a microscopic search for perfect justice, the petition for a writ of habeas corpus is a general look for gross injustice. Despite all of the twisted jurisprudence than has grown in the search for a way to quantify the safety-valve second look, it remains a judgment – a learned perception of a substantial gap in the process that is due a detained person.

None of Rueben's grounds for relief individually or collectively reach the level, if they were true, of being a foundation for extraordinary relief eleven years after his plea of guilty.

5. *Jurisdiction.*

Although his attack on the court's jurisdiction is too late, it will be addressed because, if true, it would represent a gross injustice. Rueben says that this court lacked *jurisdiction* to sentence him to 30 years because that sentence was predicated on his convictions that had not been presented to him in an information.

Rueben pleaded guilty to conspiring to possess more than 1,000 kilograms of marijuana with the intention to distribute it. The law has a sentencing range of from ten

years to life in prison. Only if the range of sentences that were legally authorized was increased without the statutory notice's being given could Rueben's sentence arguably be defective. Only if the sentence was higher than the statute allowed would the defect be jurisdictional.

The statute authorizes the court to impose a sentence up to life in prison. He got 30 years. His sentence was within the statutory range, and the statutory range was not increased by the fact of his convictions. He was due no notice; however, he got one – one that raised the minimum sentence that the court was authorized to impose to twenty years from ten. That is an increase in statutory range; that information was filed October 21, 1991. It dealt with a drug crime.

His gun and drug convictions were used by the court to calculate a guideline range – within the statutory range – that was higher than it otherwise would have been. That use of the convictions is not covered by the requirement of filing an information.

Rueben says that he pleaded guilty for "1,000kg of marijuana, nothing more, nothing less." (Mot. Vacate 16.) Alas, he pleaded guilty to "1,000 kilograms or more." (Indict. Count 1.) Rueben admitted in his testimony at his plea that he had conspired to possess with the intention to distribute in excess of 60,000 pounds of marijuana – that is about 27,000 kilograms. In his guidelines, the court held him to less than the quantity he admitted in court.

6. *Conflict.*

Rueben says that his lawyer had a conflict of interest because he had been with the prosecutor's office until right before he worked for Rueben. Although the lawyer filed an affidavit that he had no knowledge of this case while he was with the United States Attorney, Rueben insists that he did. Assuming that Rueben's lawyer had inside information from the government, it could have only benefitted Rueben. The government could object to his representing Rueben because the conflict would have been between it and him.

7. *Enhancement.*

This point is addressed didactically. Rueben objects to his gun conviction being used to "enhance" his guideline range three times. "Enhance" is a word that has several uses in connection with sentencing, but it is used loosely by convicts and courts. Rueben objects in this motion to his guideline range going up because of data in the report from the probation officer. That kind of "enhancement" is different from a supplemental

charge that the government invokes to raise the statutory range for the offense in the indictment.

In his case, Rueben got criminal history credit for the conviction and for still being on probation when he did the drug conspiracy. He got credit on the offense level because the possession was while he was doing part of the drug conspiracy. This is not double jeopardy; this is a complex evaluation of how he should be punished. Using a gun is worse than not. Committing a crime while on probation is worse than not. Having a gun conviction is worse than not. These are details of guideline calculation. He rehashes other points about his sentencing.

He objects to his not getting two points off for acceptance of responsibility. The court, as he notes, was inclined to make the adjustment, but after the hearing had concluded, the court concluded that he was not acting as if he had internalized the wrongness of his lifestyle.

He wishes now to equivocate about his drug charge, but it was covered by a formal information. He points out several details about his criminal life, like he never had a conviction until he was eighteen. Contrary to the motion, Rueben's social and criminal life was fully reported by the probation officer and supplemented by Rueben and his lawyer. Of course, none of it would have mattered.

8. *Contract.*

He has two complaints about his contract with the government. First, he says his lawyer was incompetent for not getting him a binding deal for 15 years. It was not available – from the government or the court.

Second, Rueben says that the government owed him a motion for a downward departure. A couple of hearings were held about his assistance. The court concluded that the government had not exercised its discretion in a malicious or invidiously discriminatory way. Of course, that claim should have been part of his appeal or a petition for habeas corpus that was brought on time. By the time Rueben pleaded guilty, his partners and relatives were pleading guilty, mooting the government's need for him. He took a deal that had been offered for eighteen months; he over played his hand.

Rueben had made what seemed to him a satisfactory trade. Because it did not turn out as he had hoped, he is unhappy. That is a natural response but not a legal objection.

9. *Ineffectiveness.*

All of these errors he ascribes to his lawyer's ineffectiveness. He cannot hold his lawyer responsible for the unknowable decisions of the court and prosecutor, especially when he agreed that he would live with those decisions.

He also says that he was punished because one prosecutor did not like his lawyer. An irate prosecutor cannot make facts or law. The lawyers contested numerous points with vigor. That is what they are paid to do. While they may have been occasionally on the combative side of vigorous, the court would not have allowed actual personal attacks or mean legal ones. More important, none of the alleged acrimony affected the court's evaluation his criminal conduct.

10. *Conclusion.*

Rueben's late and empty petition for a writ of habeas corpus will be denied.

Signed November 25, 2005, at Houston, Texas.

                        Lynn N. Hughes    USDJ
                 United States District Judge